

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

RPD:rpd
F. #2003R01236

*United States Attorney's Office*

*610 Federal Plaza*
*Central Islip, New York 11722-4454*

July 14, 2005

The Honorable Leonard D. Wexler
United States District Judge
U.S. Courthouse and Federal Building
944 Federal Plaza
Central Islip, New York 11722

      Re:  United States v. Magana et al.
            Criminal Docket No. 03-851 (S-3) (LDW)

Dear Judge Wexler:

     The government writes in response to defendant Vasquez's July 11, 2005 letter motion and July 14, 2005 memorandum of law moving to preclude the testimony of a government expert witness or, in the alternative, for a Daubert hearing. For the reasons set forth below, the defendant's motion should be denied in its entirety.

     At trial, the government intends to call New York State Police Investigator Hector Alicea as an expert witness. As noted in the attached July 3, 2005 Rule 702 notice, we intend to have Inspector Alicea testify about the history, structure and operations of the MS-13 street gang. In short, he is expected to testify that the MS-13 is a street gang comprised largely of young, male immigrants from Central America which originated in California and currently has 20,000 - 30,000 members throughout the United States. He will testify about initiation rituals, rules of the gang, the relationship between different cliques, the gang's relationship with rival gangs and its involvement in various criminal activities. As indicated in the July 3, 2005 notice, Investigator Alicea has a vast and varied basis of knowledge regarding the MS-13. As he is not the case agent and was not involved in the investigation of the June 18, 2003 shootings, his testimony will not relate directly to the specific assaults the defendants are charged with. The Second Circuit has noted that district courts have "broad discretion regarding the admission of expert testimony." United States v. Locascio, 6 F.3d 924, 936 (2d Cir. 1993).

     The defendant first contends that Investigator Alicea's testimony should be precluded "due to the failure of the Government

to provide any discovery or 3500 material as to the Detective's expertise so as to allow the Defendant to challenge the witnesses [*sic*] status as an expert." (Def. Mot. 1). This contention is without merit. On July 1, 2005, the government provided the 18 U.S.C. § 3500 material to the defense. The Court also has a copy of the government's 18 U.S.C. § 3500 binder. The materials provided include Investigator Alicea's testimony before a federal Grand Jury, five separate Powerpoint briefings Investigator Alicea drafted and presented to various law enforcement agencies over the last several years, and a 25-page article relating to gangs he authored and disseminated to law enforcement agencies.[1] (18 U.S.C. § 3500 Binder, Ex. 3500-C-1 - 3500-C-7). In addition, the July 3, 2005 expert notice thoroughly described Alicea's basis of knowledge and summarized the subject matter of his anticipated testimony. Thus, the defendant has a sufficient basis "to challenge the witnesses [*sic*] status as an expert." (Def. Mot. at 1).

Next, Vasquez contends that Alicea's testimony should be excluded under United States v. Crawford, 124 S.Ct. 1354 (2004) because his expertise stems, in part, from custodial interrogations of other MS-13 members. This argument is equally without merit. In Crawford, a specific hearsay statement was offered against a defendant. Furthermore, the disputed evidence in Crawford related to lay testimony, not expert testimony. In this case, Investigator Alicea will not testify to any specific statements made by any individuals. Thus, unlike in Crawford, no specific hearsay statements will be offered via his testimony. While it is true that his expert knowledge is based, in part, upon information provided to him by other individuals, that is the case with virtually every expert witness. Federal Rule of Evidence 703 specifically states that "[i]f of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the [expert] opinion or inference to be admitted." In United States v. Feliciano, 223 F.3d 102, 121 (2d Cir. 2000), the Second Circuit noted that

> This Court has repeatedly held that expert testimony admissible under Rules 702 and 703 of the Federal Rules of Evidence can, under certain conditions, be based on hearsay and evidence not

---

[1] Contrary to defendant Vasquez's contention in his July 10, 2005 motion to strike references to narcotics dealing from the current indictment, Investigator Alicea's 3500 material makes reference to the MS-13 being engaged in narcotics trafficking at least six times in four different exhibits.

>admitted at trial.  See, e.g., United States v. Locascio, 6 F.3d 924, 938 (2d Cir.1993) ("[E]xpert witnesses can testify to opinions based on hearsay or other inadmissible evidence if experts in the field reasonably rely on such evidence in forming their opinions. [The expert witness in this case] was entitled to rely upon hearsay as to such matters as the structure and operating rules of organized crime families . . ., since there is little question that law enforcement agents routinely and reasonably rely upon such hearsay in the course of their duties." (citations omitted)); Daly, 842 F.2d at 1387 ("[I]f experts in the field reasonably rely on hearsay in forming their opinions and drawing their inferences, the expert witness may properly testify to his opinions and inferences based upon such hearsay.").

The limited holding in Crawford relating to the introduction of specific hearsay statements not related to expert testimony does nothing to alter the Second Circuit's long-standing recognition that expert testimony can be based, in part, upon hearsay.  The defendant's reliance on United States v. Dukagjini, 326 F.3d 45 (2d Cir. 2003) to contend otherwise is misplaced.  In Dukagjini, the government had the case agent testify as an expert witness.  In that capacity, he opined on the meaning of certain code words used by the defendants in recorded conversations. However, the witness' understanding of the code words was based, not upon his general expertise, but upon conversations he had with the defendants' co-conspirators.  There, the Second Circuit found that such testimony exceeded the proper bounds of expert testimony because the witnesses' "conclusions appear to have been drawn largely from his knowledge of the case file and upon his conversations with co-conspirators, rather than upon his extensive general experience with the drug industry."  Id. at 55.  Unlike the witness in Dukagjini, Investigator Alicea had no involvement in the investigation of the June 18, 2003 shootings and his testimony will be based upon his extensive general experience rather than any knowledge regarding the specific acts of these defendants or their co-conspirators.

      Finally, and in the alternative, defendant Vasquez contends that a Daubert hearing should be conducted before the government expert is permitted to testify "to determine the methodology pursuant to which the expert offers his opinion." (Def. Mot. at 1).  Once again, the defendant's argument is without merit.  In Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579, 587 (1993), Kumho Tire Company v. Carmichael, 526 U.S. 137, 141,

-3-

149-51 (1999) and their progeny, the Court emphasized the need for courts to serve as gatekeepers when parties attempt to present expert testimony relating to novel or unorthodox scientific theory or techniques. The expert testimony the government seeks to offer in this case is hardly novel or unorthodox. The Second Circuit and other courts have long recognized that expert testimony relating to the nature, structure and methods of organized crime enterprises is appropriate. See, e.g., United States v. Feliciano, 223 F.3d 102 (2d Cir. 2000); United States v. Amuso, 21 F.3d 1251, 1263 (2d Cir. 1994); United States v. Locascio, 6 F.3d 924, 938 (2d Cir. 1993); United States v. Mansoori, 304 F.3d 635, 653-54 (7th Cir. 2002) (affirming use of expert gang witness who testified to "the history and structure of the [gang], as well as to their involvement in narcotics activities"). Furthermore, as set forth in the government's July 3, 2005 letter, the 18 U.S.C. § 3500 material and the current submission, Investigator Alicea clearly has the requisite basis to testify as an expert regarding the history, structure and operations of the MS-13 street gang.

For the reasons set forth above, the defendant's motions should be denied in its entirety.

          Respectfully submitted,

          ROSLYNN R. MAUSKOPF
          United States Attorney

By: _____
   Richard P. Donoghue
   Wayne L. Baker
   Assistant U.S. Attorneys
   (631) 715-7874 (RPD)
   (631) 715-7851 (WLB)

cc: Charles Hochbaum, Esq. (via facsimile transmission)
   Terrence Buckley, Esq. (via facsimile transmission)