

**U.S. Department of Justice**

*United States Attorney
Eastern District of New York*

RPD:JJD
F.#2003R01236

*United States Attorney's Office
610 Federal Plaza
Central Islip, New York 11722-4454*

December 10, 2009

The Honorable Arthur D. Spatt
United States District Judge
United States District Court
Eastern District of New York
1020 Federal Plaza
Central Islip, New York 11722

      Re:   United States v. Ledwin Castro
            Criminal Docket No. 03-0851 (S-3)(ADS)

Dear Judge Spatt:

      On October 14, 2009, the above-referenced defendant was convicted following trial by a jury on all seven counts of the third superseding indictment, conspiracy to commit assaults with dangerous weapons (Count One), assaults with a dangerous weapon (Counts Two, Three and Four) and illegal use of firearms (Counts Five, Six and Seven), in violation of 18 U.S.C. §§ 1959 and 924(c). The defendant is scheduled to be sentenced by Your Honor on December 11, 2009.

      According to the Probation Department, the defendant's statutory minimum sentence is 60 years' in connection with his convictions on Counts Five, Six and Seven, which carry mandatory minimum, consecutive sentences of 10 years', 25 years' and 25 years, respectively. Pre-Sentence Report ("PSR") at ¶¶ 119-120. With respect to Counts One through Four, the defendant's Guidelines range is 78 to 97 months. Id. The government concurs with these calculations.

      On December 9, 2009, the defendant submitted a letter ("Def. Let.") wherein he claims that: (a) he was the victim of several violent crimes, which should be considered by the Court as a mitigating factor; (b) he accepted responsibility for his actions; (c) he has already been sentenced for "these crimes;" and (d) the Court should not impose separate, consecutive sentences for his convictions on Counts Five and Six of the Superseding Indictment. See Def. Let. at 1-5. The government writes to address several of the claims and arguments made by the

defendant. Further, the government respectfully submits that the Court should sentence the defendant within the applicable statutory range of 60 years' to life.

As an initial matter, with respect to the defendant's background, Mr. Tomao asks the rhetorical question of what brought the defendant, or as characterized by Mr. Tomao "this hardworking friendly young man" before the Court. Def. Let. at 3. Mr. Tomao attempts to answer that question by claiming his client to be the innocent victim of several acts of violence. Although Mr. Tomao's letter is silent on this point, his argument appears to be that these incidents somehow forced the defendant to join the MS-13 gang. However, as established by voluminous evidence at trial, the defendant was not an innocent victim and these incidents were not random. Rather, these incidents serve as further evidence of the on-going gang violence between the MS-13 and rival gangs, which was the subject of a substantial amount of evidence at trial. Moreover, it should be noted that in the defendant's September 16, 2003 Nassau County grand jury testimony, a copy of which was introduced at trial as Government Exhibit 137, the defendant admitted that he had been a member of the MS-13 for "six [or] seven years." GX-137. Thus, the defendant had already been a member of the MS-13 for several years <u>prior</u> to the time period when, according to the defendant's letter, these incidents occurred, October 2001-February 2003.

Similarly, in his letter to the Probation Department, Mr. Tomao asks that these incidents be included in the PSR as a "Mitigating Factor." Def. Let. at Exhibit A. The government objects to the inclusion of these incidents as a mitigating factor. According to the evidence introduced at trial, the defendant was not only a member, but a leader or high-ranking member of the MS-13 and he should not receive a sentencing reduction because he was subjected to retribution from rival gang members as part of the on-going gang war between his gang, the MS-13, and its rivals on Long Island, including the SWP, Latin Kings, Netas, Bloods and 18th Street.

Further, Mr. Tomao's letter claims that the defendant "accepted responsibility for his actions" and has been sentenced for "these crimes." Def. Let. at 3-4. However, as the Court is aware, the defendant has never accepted responsibility for his actions in federal court, but has twice exercised his right to trial and has twice been convicted by the jury. Likewise, while the defendant was sentenced in Nassau County in connection with his guilty plea in that jurisdiction, his sentence in Nassau County was to a separate crime from the charges that led to his seven federal convictions here.

2

Finally, the defendant's argument that the Court should not impose separate, consecutive sentences on Counts Five and Six should be summarily rejected. This issue has already been decided by the Second Circuit, not in other cases, but this exact case. Mr. Tomao tries to avoid the reality of this binding precedent by claiming that the Second Circuit's decision on this point in Mejia was mere "dicta" and "was wrong and should not be applied in the instant case." Def. Let. at 4; see also United States v. Mejia, 545 F.3d 179, 204-206 (2d Cir. 2008). Rather than being "dicta," the Second Circuit expressly held that:

> We hold, therefore, that the rule in Lindsay, which establishes that the appropriate unit of prosecution under § 924(c)(1) is the predicate offense, applies here. In Finley and Wallace, the defendants had been convicted of various substantive narcotics-related offenses based on single criminal acts. On the other hand, [the defendant and his co-defendant David Vasquez] were convicted of three counts of the same criminal violation, assault, but the assaults were based on two separate drive-by shootings that resulted in the shooting of three separate victims. As in Salameh, the existence of a single conspiracy connecting the three assaults does not preclude treating them as separate predicate offenses. [] And although [the defendant and his co-defendant David Vasquez] now describe the shootings as a "single incident," the jury found both [the defendant and his co-defendant David Vasquez] culpable of the shooting of three separate individuals. Although those separate shootings are clustered in time and space, that clustering does not somehow merge them into one predicate crime.

Mejia 205-206 (emphasis added; internal citations omitted). Moreover, while the defendant attempts to support his position by citing to United States v. Finley, 245 F.3d 199 (2d Cir. 2001) and United States v. Wallace, 447 F.3d 184 (2d Cir. 2006), the Second Circuit explicitly distinguished the defendant's case from those cases, finding that "[t]he instant case raises none of the concerns present in Finley and Wallace." Mejia at 205.

The question of why Mr. Tomao would claim that the Second Circuit's holding was "dicta" and "should not be applied" by the Court is perplexing in light of the unambiguous holding in Mejia, a ruling where the Second Circuit already ruled on this

3

issue and rejected the same argument, by the same attorney, on behalf of the same defendant, and in connection with the exact same set of facts. Regardless of Mr. Tomao's motivations, his argument that "the Court should impose no impose separate sentences on the counts 5 and 6 [sic]," Def. Let. at 5, should be summarily rejected and the defendant's sentences on Counts Five, Six and Seven should be consecutive, in accordance with the statutory language set forth by Congress, the Guidelines and the express holdings of the Second Circuit.

    For all of the foregoing reasons, the government respectfully requests that the Court sentence the defendant within the applicable statutory range of 60 years' to life as set forth in the PSR.

    Respectfully Submitted,

    BENTON J. CAMPBELL
    United States Attorney

By: _____
    Richard P. Donoghue
    John J. Durham
    Assistant U.S. Attorneys
    (631) 715-7874/7851

cc:  Peter Tomao, Esq. (By ECF)
     Michael Annibale, Esq. (By ECF)
     U.S.P.O. Nicole Pizzo (By Facsimile)
     Clerk of the Court (ADS) (By ECF)