```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
UNITED STATES OF AMERICA,

        -against-                        MEMORANDUM & ORDER
                                         03-CR-0851-10(JS)
LEDWIN CASTRO,

                    Defendant.
-----------------------------------X
APPEARANCES

For Defendant:       Ledwin Castro, Pro Se
                     Reg. No. 68721-053
                     Federal Correctional Institution Schuylkill
                     Inmate Mail/Parcels
                     P.O. Box. 759
                     Minersville, Pennsylvania  17954

For United States:   John J. Durham, Esq.
                     United States Attorney's Office
                     Eastern District of New York
                     610 Federal Plaza
                     Central Islip, New York  11722
```

FILED
CLERK

12:26 pm, Nov 07, 2025

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

SEYBERT, District Judge:

Presently before the Court is the May 9, 2025 pro se motion[1] of Defendant Ledwin Castro ("Defendant") requesting, for a second time, that the Court reduce his sentence, pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i)[2] (hereafter, the

---

[1] Defendant's motion is dated April 29, 2025, but was received by and filed with the Court on May 9, 2025. (See Motion, ECF No. 754, at 1.)

[2] To the extent Defendant's Motion, the Government's Opposition or this decision uses the terminology "compassionate release", the Court notes that phrase is not contained in the First Step Act; rather it is one coined by the courts to characterize a reduction in sentence pursuant to the Act. See, e.g., United States v.

"Second C.R. Motion"). (See ECF No. 754.) The Government opposes the Second C.R. Motion.[3] (See Opp'n, ECF No. 758.) Defendant's Second C.R. Motion is **DENIED in its entirety**.

The Court presumes the parties' familiarity with the factual and procedural background of this case. (See, e.g., Case Docket, July 7, 2021 Memo & Decision ("July 2021 M&O"), ECF No. 741 (restricted "to case participants only as it contains information not available to the public").) However, for the reader's convenience and relevant to the instant Second C.R. Motion, the Court briefly states the following. After granting Defendant's first compassionate release motion, which reduced his 60-year sentence to 30 years and one day (see July 2021 M&O), Defendant requested this Court forward its July 2021 M&O to the Bureau of Prisons ("BOP"), arguing the BOP had not properly credited him time served. (See First Forward Request, ECF No. 744.) The Court denied Defendant's First Forward Request, referring Defendant to the BOP's Administrative Remedy Program, which Program "allows an inmate to seek formal review of issues

---

Shakur, 498 F. Supp. 3d 490, 492 (S.D.N.Y. 2020); see also United States Brooker, 976 F.3d 228, 237 (2d Cir. 2020) (stating the phrase "compassionate release is a misnomer" as the First Step Act "in fact speaks of sentence reductions").

[3] Although afforded the opportunity to do so, Defendant did not file a Reply. (Compare July 18, 2025 Elec. ORDER, with Case Docket, in toto.) In accordance with the Court's July 18, 2025 electronic Order, Defendant's Second C.R. Motion is deemed fully briefed.

relating to any aspect of his/her own confinement." (Oct. 20, 2021 Memo & Order, ECF No. 746, at 3.)

Then, on February 18, 2025, "after pursuing his request for time-credit via the BOP's administrative remedy process, which request was denied, Defendant once more request[ed] the Court 'please provide [its July 2021 M&O] to the appropriate BOP official.'" (Feb. 27, 2025 Memo & Order ("Feb. 2025 M&O"), ECF No. 753, at 2-3;[4] see also Second Forward Request, ECF No. 752.) He took the position that "he 'should have a projected release date with good conduct time on or about 7/3/2029,'" but pursuant to the BOP's computations, including crediting Defendant with good conduct time, the BOP projected Defendant's release date to be November 11, 2033. (Id. at 3; see also Second Forward Request at 1.) The Court denied Defendant's Second Forward Request, since the Court's time-credit recommendation to the BOP was not binding on the BOP. (See id. 3-4.) Further and as applicable here, the Court explicitly instructed Defendant:

> [P]ursuant to 28 U.S.C. § 2241, "a district court has the power only to review a decision by the Bureau of Prisons" regarding its "computation of credit on a federal sentence". [Evans v. United States, No. 08-CV-3830, 2010 WL 2026433,] at *2 [(E.D.N.Y. May 17, 2010), aff'd, 419 F. App'x 53 (2d Cir. Apr. 6, 2011)]. Hence:

---

[4] Also available at: United States v. Castro, No. 03-CR-0851, 2025 WL 660230, at *1 (E.D.N.Y. Feb. 27, 2025). Herein, the Court will cite to the docket version of the Feb. 2025 M&O.

Page 3 of 7

> Section 2241 . . . is the proper means to challenge the execution of a sentence. In a § 2241 petition[,] a prisoner may seek relief from such things as, for example, the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated.

Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004) (emphasis in original). This Court has recently reiterated the same:

> Under 28 U.S.C. § 2241, a petitioner can challenge the execution of his sentence, including the computation of that sentence by prison officials. See Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001) (stating a Section 2241 habeas petition "is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction"). Thus, pursuant to Section 2241, an inmate may challenge such matters as the computation of his sentence by prison officials. See Poindexter v. Nash, 333 F.3d 372, 377 (2d Cir. 2003) ("Under § 2241, a prisoner may challenge the . . . calculations by the Bureau of Prisons of the credit to be given for other periods of detention." (citations and internal quotation marks omitted)); see also Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001); Zenquis v. Pullen, No. 3:22-CV-1151, 2023 WL 2931585, at *1 (D. Conn. Apr. 13, 2023); Bracamonte v. Von Blanckensee, No. 18-CV-0166, 2019 WL 1368084, at *1 (S.D.N.Y. Mar. 26, 2019). Further,

> a Section 2241 habeas petition must be brought in the district where the petitioner is imprisoned. See Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004).
>
> United States v. Yong, 2024 WL 3648259, at *7 (E.D.N.Y., 2024); see also United States v. Sessum, No. 15-CR-0667, 2023 WL 3319424, at *5 (S.D.N.Y. May 9, 2023) ("[Defendant] must file a petition pursuant to 28 U.S.C. § 2241 in the district where he is serving his sentence . . . in order to challenge the execution of his sentence, including the computation of sentence credits." (citations omitted)).

(Feb. 2025 M&O at 5-6); see also United States v. Lobban, No. 14-CR-0264, 2025 WL 660231, at *2 n.1 (E.D.N.Y. Feb. 27, 2025) (noting a § 2241 habeas petition is the proper procedural mechanism by which a prisoner brings a claim for sentencing credits).

Now, notwithstanding acknowledging it is "well-settled that to challenge the execution and computation of a federal jail time credit, one must resort to [§] 2241 in the jurisdiction to which the[] [defendant is] incarcerated" (Second C.R. Motion at 1 n.3 (emphasis added)), Defendant again seeks a sentence reduction from this Court, i.e., "a further reduction to 27 years and 1 day" (id. at 3). Defendant's Second C.R. Motion is based upon his contention that "the BOP's calculation of jail time credit does not line up to what the [C]ourt had in mind when it structured the [D]efendant's sentence reduction and offered its jail credit recommendation." (Id. at 1.) Curiously, while explicitly acknowledging he should be moving for § 2241 habeas relief (see

id. at 1 n.3), Defendant states he is moving for compassionate release even though he knows the BOP has "legal standing to execute and compute [jail time credit] as [it] do[es]", which he believes is unfair, because the BOP has "already denied his administrative remedy request." (Id. at 1 n.3.)  Defendant's position is patently unavailing.  See Sessum, 2023 WL 3319424, at *5 ("[A] compassionate release motion is an inappropriate vehicle to challenge sentence credits.").

It is undisputed Defendant's Second C.R. Motion "challenges the BOP's sentencing computation and calculation". (Opp'n at 3; see also Second C.R. Motion at 1.)  Thus, as the Government aptly states, it "is improperly framed as a § 3582[, i.e., compassionate release,] motion, when is should be filed, if at all pursuant to 28 U.S.C. § 2241" in the jurisdiction where Defendant is housed, which is the Middle District of Pennsylvania.[5] (Id.; see also id. at 1 n.1.)  And, as stated, supra, Defendant concedes he should be pursuing a challenge to the computation and calculation of his time credits via a § 2241 habeas petition. (See Second C.R. Motion at 1 and n.3.)  It is his prerogative not to pursue such relief; however, Defendant's speculative belief that a § 2241 habeas petition will not be successful (see Second C.R.

---

[5]  See BOP Find an Inmate, Ledwin Castro (BOP Reg. No. 68721-053) (identifying Defendant's location as "FCI Schuylkill", which is located in Minersville, Pennsylvania), https://www.bop.gov.inmateloc (last visited Nov. 6, 2025).

Motion at 1 n.3) does not give him permission to pursue relief in an inappropriate manner, i.e., via a compassionate release motion, see, e.g., Sessum, 2023 WL 3319424, at *5, especially where, as here, the Court has previously informed Defendant of the proper way to pursue the relief he seeks (see Feb. 2025 M&O at 6). Rather, as the Government accurately asserts, Defendant's Second C.R. Motion "is improperly filed in [the Eastern district of New York] and must be denied." (Opp'n at 3.) This Court agrees.

Because a compassionate release motion is an inappropriate vehicle to challenge sentence credits, Sessum, 2023 WL 3319424, at *5, and because the Court finds, as to any further sentence reduction he seeks, Defendant has not presented extraordinary and compelling reasons beyond those originally presented to and considered by the Court in granting Defendant compassionate release (see July 2021 M&O), **IT IS HEREBY ORDERED** that Defendant's Second C.R. Motion (ECF No. 754) is **DENIED** in its entirety; and

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to serve Defendant with a copy of this Order, including the notation "LEGAL MAIL" on the mailing envelope.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: November 7, 2025
        Central Islip, New York